**Electronically Filed
Intermediate Court of Appeals
30271
30-NOV-2011
08:52 AM**

NO. 30271

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

RYAN EUGENE WEST, Petitioner-Appellant, v.
STATE OF HAWAI'I, Respondent-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 09-1-2667)

SUMMARY DISPOSITION ORDER
(By: Foley, Presiding Judge, Fujise and Ginoza, JJ.)

Petitioner-Appellant Ryan Eugene West (West) appeals from the order denying Motion for Acceptance of Filing of the Petition or Order with Explanation Denying the Petition, entered on December 4, 2009, in the Circuit Court of the First Circuit (circuit court).[1]

West's Motion for Acceptance of Filing of the Petition or Order with Explanation Denying the Petition (Motion) related to his convictions in Cr. No. 98-0482, Cr. No. 03-1-0479, Cr. No. 03-1-0616, and Cr. No. 06-1-0381. The Motion was denied by the circuit court for lack of jurisdiction because the underlying convictions West challenged were before the Circuit Court of the Second Circuit. West had previously tried to file a petition in the circuit court which had been returned to him for filing in the correct circuit.

---

[1] The Honorable Karl K. Sakamoto presided.

On appeal, West contends that the circuit court erred by denying his petition because habeas corpus petitions should be brought in the circuit court with jurisdiction over his custody; the State "illegally and unconstitutionally imposed the respective HRS Penal Code Statutes upon appellant[,] a citizen and heir of the Kingdom of Hawaii, and therein not subject to Respondent's jurisdiction, such actions rendering the Judgments of Conviction and Sentence Illegal[;]" the court erred in converting the petition to an Hawai'i Rules of Penal Procedure (HRPP) Rule 40 petition which unconstitutionally transferred the burden imposed by habeas corpus upon respondents to justify the restraint of West's liberty, to West to prove that the judgment is illegal; and he is entitled to relief because he suffered actual prejudice.

The State contends that the circuit court should not have dismissed the Motion, but rather it should have transferred the matter to the Circuit Court of the Second Circuit.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve West's points of error as follows:

West stated that the Motion was brought pursuant to HRPP Rules 12 and 40, and Hawaii Revised Statutes (HRS) Chapter 660. HRPP Rule 40(a) states "[t]he post-conviction proceeding established by this rule shall encompass all common law and statutory procedures for the same purpose, including habeas corpus and coram nobis[.]" West stated that the Motion, asking the circuit court to accept his attached petition for a writ of habeas corpus for filing and decision, was made pursuant to HRPP Rule 40, therefore, the circuit court did not err by treating the petition as a petition under HRPP Rule 40.

"A proceeding for post-conviction relief shall be instituted by filing a petition with the clerk of the court in which the conviction took place." HRPP Rule 40(b). HRS § 603-37.5 (1993) states (emphasis added):

2

§603-37.5 **Cure or waiver of defects.** (a) The circuit court of a circuit in which is commenced a civil case laying venue in the wrong circuit shall transfer the case, upon or without terms and conditions as the court deems proper, to any circuit in which it could have been brought, <u>or if it is in the interest of justice dismiss the case</u>.

West attached to the Motion a copy of a letter dated October 8, 2009, from the circuit court which states:

> RE: Cr. No. 98-0482, Cr. No. 03-1-0479, Cr. No. 03-1-0616, Cr. No. 06-1-0381 "Writ of Habeas Courpus L. 1892 Chapter 57, Section 5 Common Law of the Hawaiian Islands; L. 1892 Chapter 57 Section 37 (Eighth) to Issue Writ of Habeas Corpus"; Received September 30, 2009
>
> Dear Mr. West:
>
> Your above-referenced communication was addressed to and received by the Circuit Court of the First Circuit on September 30, 2009. However, the First Circuit Court did <u>not</u> preside over your above-referenced criminal cases and therefore has no jurisdiction over the matters. Your document is being returned to you for proper submission to the correct circuit (Circuit Court of the Second Circuit).
>
> No further action will be taken by this Court.

West admits that on October 18, 2009, he refiled a petition for habeas corpus with the Circuit Court of the Second Circuit, which was docketed as S.P. No. 09-1-0070(3). However, West filed the Motion with the Circuit Court of the First Circuit subsequent to the refiling in the Second Circuit and despite being previously informed that documents relating to Cr. No. 98-0482, Cr. No. 03-1-0479, Cr. No. 03-1-0616, Cr. No. 06-1-0381 should not be filed with the Circuit Court of the First Circuit. The circuit court was not wrong to dismiss the case, pursuant to HRPP Rule 40 and HRS § 603-37.5. Because the circuit court dismissed the Motion without reaching the merits of the case, we do not address West's other points of error.

Therefore,

IT IS HEREBY ORDERED that the order denying Motion for Acceptance of Filing of the Petition or Order with Explanation

Denying the Petition, entered on December 4, 2009 in the Circuit Court of the First Circuit is affirmed.

DATED: Honolulu, Hawai'i, November 30, 2011.

On the briefs:

Ryan E. West,
Petitioner-Appellant, pro se.

Presiding Judge

Richard K. Minatoya,
Deputy Prosecuting Attorney,
County of Maui,
for Respondent-Appellee.

Associate Judge

Associate Judge